**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEONARD STEVE WESTFALL,

Plaintiff - Appellant,

v.

UNITED STATES DISTRICT COURT
FOR THE TENTH CIRCUIT;
COLORADO STATE
COMPENSATION INSURANCE
AUTHORITY; COLORADO
DIVISION OF LABOR; COLORADO
DIVISION OF ADMINISTRATIVE
HEARINGS; COLORADO STATE
ATTORNEY GENERAL'S OFFICE,
Colorado Attorney General's Office ex
rel; GILPIN COUNTY DISTRICT
COURT; JEFFERSON COUNTY
DISTRICT COURT; GILPIN
COUNTY; SUMMIT COUNTY;
GARFIELD COUNTY; GARY
SANDBLOM, P.C.; JAQUELINE
SANDBLOM, N.P.; CHARLES
EWING, Blackjack Towing; and
GILPIN COUNTY SHERIFF'S
DEPARTMENT,

Defendants - Appellees.

No. 01-1538
(D. C. No. 01-ES-1971)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court

(continued...)

Before **TACHA**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Westfall appeals from an order of the district court dismissing without prejudice his complaints and a further order of the district court denying a motion to reconsider that dismissal. Plaintiff appeals *pro se* alleging bias on the part of the district court. He further alleges that the district court took various actions that, according to plaintiff, were either mistaken or fraudulent.

We construe the filings in this court liberally, as we are required to do under the standards of Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The district court also construed the pleadings in that court liberally. Plaintiff filed *pro se* two complaints in the district court. The magistrate judge ordered the clerk of court to begin a civil action and ordered plaintiff to cure several enumerated deficiencies within thirty days if he wished to pursue his claims.

---

*(...continued)

generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff failed to cure the deficiencies and instead filed a notice of appeal from what was clearly a non-final action in the district court. After further requirements that plaintiff file an amended complaint that would comply with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, Mr. Westfall again failed to comply. The district court therefore dismissed the complaints and the action in the district court without prejudice for failure to prosecute.

We find that there was no error in the determinations of the district court. Plaintiff clearly has not met the requirements of Fed. R. Civ. P. 8(a) in the filing of his complaints in the district court. We therefore affirm the order of the district court for substantially the reasons given by the magistrate judge and the district court. Plaintiff's motion for leave to proceed without prepayment of costs or fees is granted. AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 3 -